# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED PRO PAINTING SERVICES, *et al.*, <br><br> Defendants. |

Civil Action No. 09-313 (CKK)

## MEMORANDUM OPINION
(March 24, 2010)

This action is brought by Plaintiffs International Painters and Allied Trades Industry Pension Fund (the "Fund") and Gary J. Meyers (collectively, "Plaintiffs") against Defendant Brian K. Caughill, an individual and proprietor of an unincorporated business doing business under the names ("d/b/a") Advanced Pro Painting Services, AAPS Advanced Pro Painting Services, and Advance Pro Painting Services, for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145.[1]  Plaintiffs seek to recover unpaid contributions, liquidated damages, interest and attorneys' fees and costs incurred by the Fund pursuant to 29 U.S.C. § 1132(g)(2)(A)-(D) and a collective bargaining agreement entered under 29 U.S.C. § 185. Although properly and timely served with the Complaint and Summons,

---

[1] This action was originally filed against both Caughill (doing business under these three trade names) and against the businesses themselves. *See* Compl. ¶¶ 10-11. However, Plaintiffs explain in their motion for default judgment that Caughill is the only actual defendant in the case. *See* Pls.' Mot. for J. by Default ¶ 2.

Defendant failed to respond to the Complaint, and the Clerk of the Court, upon request by Plaintiffs, entered default against Defendant on July 24, 2009. *See* Clerk's Entry of Default, Docket No. [8]. Presently before the Court is Plaintiffs' [9] Motion for Judgment by Default. Having thoroughly considered the Complaint, Plaintiffs' submissions and attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT Plaintiffs' [7] Motion for Default Judgment, for the reasons stated below.

## I.  BACKGROUND

The Fund is a trust fund established under 29 U.S.C. § 186(c)(5), and its Trustees are fiduciaries and plan administrators for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan"), both of which are multiemployer employee benefit pension plans. Compl. ¶ 4. The Fund is also an authorized collection agent for several ancillary funds. *Id.* ¶ 6. The Fund, the Pension Plan, the Annuity Plan, and several of the ancillary funds are known as the "ERISA Funds," and, together with the remaining ancillary funds, the "Funds." *Id.* ¶ 9. Plaintiffs filed the Complaint in the above-captioned matter on February 18, 2009 and are suing on behalf of the Funds. As set forth in the Complaint, Plaintiffs assert that Defendant has entered into a collective bargaining agreement ("Labor Agreement") with the one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (collectively, the "Union"). *Id.* ¶ 12. Plaintiffs also allege that Defendant has agreed to abide by an Agreement and Declaration of Trust of the Fund ("Trust Agreement") as well as plan documents for the ERISA Funds. *Id.* ¶ 13. Under the Labor Agreement, the Trust Agreement, and the plan documents for the ERISA Funds, Defendant agreed to make certain

contributions to the Funds based on Defendant's employees' work, file monthly remittance reports with the Funds detailing all employees' work for which contributions were required, produce records necessary to permit the Funds to conduct an audit, and pay certain costs associated with litigation if Defendant failed to comply with his obligations. *Id.* ¶ 14. Plaintiffs allege that Defendant has failed to make the required monthly payments for the period from June 2008 through December 2008 and that Defendant has otherwise failed to make contributions required under the agreements. *Id.* ¶¶ 17-34.

Pursuant to the terms of those agreements, Plaintiffs assert that they are therefore entitled to: a monetary award for violation of 29 U.S.C. § 1145 in the amount of the unpaid contributions to the ERISA Funds, liquidated damages, interest on the unpaid contributions, as well as costs, audit expenses and attorneys' fees (Count I); an audit of Defendant's records to determine the amounts owed (Count II); after an audit, a monetary award for violation of 29 U.S.C. § 1145 in the amount of the contributions found due and owing by the audit, together with late charges, interest, liquidated damages, costs, and fees (Count III); a monetary award for breach of the Labor Agreement (and its incorporated agreements) in the amount of unpaid funds owed, including liquidated damages, interest and costs, and reasonable attorneys' fees (Count IV); and a monetary award for breach of the Labor Agreement (and its incorporated agreements) for unpaid funds found due and owing by the audit (Count V). Compl. ¶¶ 17-34. Plaintiffs, in their instant motion, have moved for default judgment seeking: (1) a judgment for $40,407.06, a sum known to be due and owing consisting of unpaid contributions, interest, liquidated damages, and attorneys' fees and costs; (2) an order declaring that the judgment shall continue to bear interest until the date of actual payment; (3) an order enjoining Defendant to produce books and records

necessary for Plaintiffs to conduct an audit, with audit expenses paid for by Defendant; (4) an order permitting Plaintiffs to return to the Court for an additional or supplemental judgment should reflecting any additional delinquencies be discovered by the audit; and (5) various other forms of relief. *See* Pl.'s Proposed Order.

Defendant was served with the Complaint and Summons on June 11, 2009, and was therefore required to respond by June 31, 2009. *See* Notice of Filing Return of Service, Docket No. [4]; *see also* Pls.' Request to Clerk to Enter Default, Docket No. [5]. The Corporation failed to file an answer or otherwise respond to Plaintiffs' Complaint, and Plaintiffs subsequently moved for entry of default. *See* Pls.' Request to Clerk to Enter Default, Docket No. [5]. On July 24, 2009, the Clerk of the Court entered default against Defendant Brian K. Caughill. *See* Clerk's Entry of Default, Docket No. [8]. Plaintiffs subsequently filed the instant Motion for Default Judgment. *See* Pl.'s Mot. for J. by Default, Docket No. [9]. As of the date of this Memorandum Opinion, Defendant has not entered an appearance nor filed any pleadings in this case.

## II. LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b). FED. R. CIV. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C.

2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC,* 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered Defendant's default, and the factual allegations in the Complaint are therefore taken as true. *See R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 30. The Court finds that Plaintiffs' Complaint sufficiently alleges facts to support their claims. Plaintiffs are thus entitled to default judgment as to Defendant's liability for his failure to timely pay contributions to the Funds and to supply records necessary to permit the Funds to determine if Defendant is making the required payments, as required under the terms of Labor Agreement, the Trust Agreement, the plan documents for the ERISA Funds, and other related agreements.

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). The total amount of damages owed by Defendant to the Funds, however, cannot be determined until after an audit of the Corporation's payroll books and records is conducted. Therefore, Plaintiffs have moved for a money judgment as to amounts that can be determined without an audit, an order requiring an audit, and permission to seek further judgments relating to any additional deficiencies found during the audit. The Court shall consider each of these requests.

    A.    *Judgment for Damages Ascertainable Without an Audit*

Under Section 515 of ERISA, "[e]very employer who is obligated to make contributions

5

to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When an employer fails to make such contributions, ERISA provides that the fiduciary for a plan may bring an action and obtain a mandatory award for the plan consisting of:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of–
>
>> (i) interest on the unpaid contributions; or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest is calculated using the rate provided under the plan, or, if none, the rate prescribed by 26 U.S.C. § 6621. *Id.* In addition to the remedies available under ERISA, a benefit trust fund may, as a third-party beneficiary, recover for breach of a collective bargaining agreement under 29 U.S.C. § 185(a). *See Hudson County Carpenters Union Local Union No. 6. v. V.S.R. Constr. Corp.*, 127 F. Supp. 2d 565, 568 (D.N.J. 2000) ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining agreement constitutes a violation of ERISA § 515 and a violation of [29 U.S.C. § 185]."); *see also Bugher v. Feightner*, 722 F.2d 1356, 1357-60 (7th Cir. 1983) (explaining that ERISA

remedies are intended to supplement rather than supersede rights existing under 29 U.S.C. § 185(a)).

Plaintiffs have provided the Court with affidavits to support a damages award of $40,407.06. Specifically, Plaintiffs argue that Defendant at the time this action was filed, Defendant owed a total of $28,001.26 in unpaid contributions for the period from June 2008 to December 2008. *See* Pls.' Mot. for J. by Default, Ex. 1 (Decl. of Thomas Montemore) ¶ 6. However, because Defendant did not submit any remittance reports during this period, Plaintiffs have estimated the amount owed each month based on an average of the two previous months for which reports were submitted and multiplied it by the number of months (seven). *See id.* The Court approves this calculation as a reasonable estimate of the unpaid contributions; however, the Court shall require Plaintiffs to modify their judgment if the audit subsequently reveals that the unpaid contributions are less than $28,001.26 during the period. Plaintiffs have calculated that Defendant owes interest on the unpaid amounts through July 29, 2009, in the amount of $1,034.07, based on the $28,001.26 in unpaid contributions and the fluctuating IRS interest rate as provided in § 10 of the industry pension plan, which adopts the ERISA standard. *See id.* ¶ 7. ERISA also provides that liquidated damages be awarded in the amount of 20% of unpaid contributions, which equals $5,600.25. *See id.* ¶ 8.

Plaintiffs also ask for attorneys' fees and costs in the amount of $5,771.48. *See* Pls.' Mot. for J. by Default, Ex. 3 (Decl. of Jerome A. Flanagan) ¶ 2. Plaintiffs have attached supporting documentation showing that they have incurred $5,168.00 in attorneys' fees and $603.48 in costs in litigating this action. *Id.* This is based on 28.4 hours of attorney and paralegal time at rates of $220 per hour and $70 per hour, respectively, plus expenses for the filing fee, photocopies, and

various other items.  *See id.* ¶¶ 3-4; Pls.' Mot. for J. by Default, Exs. 4-5 (billing statements).  Plaintiffs have provided documentation showing that these rates are reasonable for the services rendered.  Accordingly, the Court shall award the attorneys' fees and costs requested.  Thus, the total money judgment for Plaintiffs shall be $40,407.06.

      B.      *Audit*

Plaintiffs utilize audits to ensure that employers are providing accurate information regarding the eligibility of employees and required contributions.  *See* Pls.' Mot. for J. by Default, Ex. 1 (Decl. of Thomas Montemore) ¶ 9.  The Labor Agreement and the Trust Agreement require Defendant to allow for audits.  *See* Compl., Ex. 1 (Labor Agreement), art. XI, § 3; *id.*, Ex. 2 (Trust Agreement), art. VI, § 6.  These audits are necessary in order to determine the exact amount of Defendant's delinquency.  The Court finds that Plaintiffs have shown they are entitled to audit Defendant's records, as provided for under the relevant agreements.  The Court shall therefore order Defendant to make available to Plaintiffs, within twenty (20) days of service of this Court's Order upon it, all payroll books and related records necessary for Plaintiffs to ascertain the precise amount of any delinquent contributions due and owing to Plaintiffs for all periods in which Defendant is obligated to make fringe benefit contributions to the Plaintiffs.  Defendant shall bear the costs of said audit.

Plaintiffs ask the Court to permit additional or supplemental judgments if the audit reveals additional delinquencies by Defendant.  The Court finds that this request is reasonable and consistent with Defendant's obligations under ERISA and the agreements he has entered.  Therefore, the Court shall permit Plaintiffs to seek additional judgments based on any additional delinquencies discovered by the audit.

## III. CONCLUSION

For the reasons set forth above, the Court shall GRANT the Plaintiffs' [9] Motion for Judgment by Default. The Court shall award damages in the amount of $40,407.06, order that an audit be performed, and permit Plaintiffs to return to the Court for additional judgments based on the outcome of the audit. An appropriate Order accompanies this Memorandum Opinion.


Date: March 24, 2010

                                                                        /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge